UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
ZAHID N. QURAISHI
UNITED STATES DISTRICT JUDGE

U.S. COURTHOUSE
402 EAST STATE STREET, ROOM 4000
TRENTON, NJ 08608

October 17, 2025

## LETTER ORDER

Re:   WILBERT HART v. PAMELA HART, *et al.*,
      Civil Action No. 95-1551 (ZNQ) (JBD)

Dear Counsel and *pro se* Defendant:

This matter comes before the Court upon Plaintiff Wilbert Hart's ("Plaintiff") Motion to Dissolve or Modify the Amended Permanent Injunction (the "Motion," ECF No. 153). Plaintiff filed a brief in support of his Motion. ("Moving Br., ECF No. 153-1.) Defendant Pamela Hart ("Defendant"), appearing *pro se*, filed a Response to Wilbert Hart's Declaration in Support of the Motion to Dissolve or Modify the Amended Permanent Injunction ("Opposition," ECF No. 158).[1] Plaintiff filed a Reply Brief. ("Reply," ECF No. 162.)[2] Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to the Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause appearing, the Court **DENIES** the Motion.

Federal Rule of Civil Procedure 60(b)(5)[3] permits a district court to modify or vacate a permanent injunction when its continued application is no longer equitable. The dissolution or modification of a permanent injunction constitutes extraordinary relief and requires a showing of extraordinary circumstances. *Michael v. Wetzel*, 570 F. App'x 176, 180 (3d Cir. 2014). "[A] showing of extraordinary circumstances involves a showing that without relief from the judgment, an extreme and unexpected hardship will result." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (internal quotation and citation omitted). The party seeking a modification of a permanent injunction carries the burden of demonstrating a significant change in circumstances, *Horne v. Flores*, 557 U.S. 433, 447 (2009), and must show that the conditions differ so

---

[1] Notwithstanding minor procedural defects in Defendant's Opposition, the Court nevertheless considers Defendant's submitted Opposition on the merits. Additionally, it appears that much of the Opposition contains materials unrelated to the Opposition. Such unrelated materials are disregarded.

[2] Plaintiff's Reply asserts several arguments he did not raise in his original Motion, including challenging the legality of Defendant's marriage. Insofar as he raises these arguments for the first time on reply, depriving Defendant of an opportunity to respond to them, the Court sets them aside. *See Schiffli Embroidery Workers Pension Fund v. Rayn, Beck & Co.*, 869 F. Supp. 278, 281 n.1 (D.N.J. 1994) ("This Court will not usually consider arguments raised for the first time in a reply brief . . . .").

[3] The Court notes that Plaintiff did not reference this Rule in his Motion.

substantially from those which precipitated the injunction as to warrant judicial adjustment. *Id.* (citing *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 384 (1992)).

The modification of a permanent injunction may be appropriate when "'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.'" *Id.* at 447 (quoting *Rufo*, 502 U.S. at 384). A court should deny a party's request for modification under Rule 60(b)(5) if the moving party merely establishes that "it is no longer convenient [for the moving party] to live with the terms." *Rufo*, 502 at 385.

The Permanent Amended Injunction was issued against Plaintiff on January 30, 2001. (ECF No. 116.) Under the terms of the Permanent Amended Injunction, Plaintiff is enjoined from "using, performing under, promoting services or goods under, or otherwise employing the names THE DELFONICS, THE DELPHONICS, or any name confusingly similar thereto." (*Id.*) Plaintiff is permitted to "employ the name WIL HART [or WILBERT HART] FORMERLY OF THE DELFONICS [or DELPHONICS], if the word 'FORMERLY' appears in typeface or audible volume at least the same size as the word 'DELFONICS' or 'DELPHONICS.'" (*Id.*)

Here, the elements to warrant the modification of the Amended Permanent Injunction are not present. First, Plaintiff does not allege that a significant change in law has occurred since the Amended Permanent Injunction's entry. *Democratic Nat. Committee v. Republican Nat. Committee*, 673 F.3d 192, 202 (3d Cir. 2012). Plaintiff instead alleges that his brother's death constitutes a significant change in factual conditions. Motion at 4–5. Even assuming for purposes of argument that such does constitute a significant change, Plaintiff fails to articulate how continued enforcement of the Amended Permanent Injunction is "detrimental to the public interest." The public interest noted by Plaintiff is not a significant factor here, as the only public interest in play is the music business's interest in the stability of final agreements. *See Alexis Lichine & Cie v. Sacha A. Lichine Estate Selections, Ltd.*, 45 F. 3d 582, 586, 586 n.2 (1st Cir. 1995) (noting that public's interest in dispute between estranged father and son regarding essentially identical business names did not hold the same weight as the public interest highlighted in *Rufo* or in "cases involv[ing] issues more laden with a public interest, such as antitrust").

Further, the Amended Permanent Injunction is not rendered "unworkable" merely because of William Hart's death. Plaintiff does not establish how his brother's death in any way prohibits him from abiding by the terms of the Amended Permanent Injunction as written. *See Democratic Nat'l Comm. v. Republican Nat'l Comm.*, 673 F.3d 192, 218–19 (3d Cir. 2012) aff'd, 673 F.3d (3d Cir. 2012) ("The [movant] has not established by a preponderance of the evidence that any workability issues . . . are so acute that prospective application . . . is inequitable.").

The additional factors a court should typically consider before modifying or vacating a permanent injunction under Rule 60(b)(5) include: (1) the circumstances leading to entry of the injunction and the nature of the conduct sought to be prevented; (2) the length of time since entry of the injunction; (3) whether the party subject to its terms has complied or attempted to comply in good faith with the injunction; and (4) the likelihood that the conduct or conditions sought to be prevented will recur absent the injunction. *Bldg. and Constr. Trades Council of Phila. and Vicinity, AFL-CIO v. N.L.R.B.*, 64 F.3d 880, 888 (3d Cir. 1995).

Here, the equitable factors do not weigh in favor of modifying or vacating the Amended

Permanent Injunction. Most egregiously—and despite his assertions otherwise—it appears that Plaintiff consistently violates the terms of the Amended Permanent Injunction. In connection with her Opposition, Defendant filed Exhibit E, titled, "EVIDENCE OF TRADEMARK AND SERVICE MARK INFRINGEMENT AND DIRECT VIOLATION OF PERMANENT AND AMENDED INJUNCTIONS BY WILBERT HART." Opposition, Ex. E. Defendant outlined several alleged violations of the Amended Permanent Injunction, including the following: Plaintiff's website domain (wilhartsdelfonics.com); website text on the aforementioned website; the YouTube Channel, "Wilbert Hart of the Original Delfonics 2025" and content posted to that YouTube Channel; and several social media posts allegedly posted by Plaintiff.[4] *Id.* at 1–3. Plaintiff also alleges several instances of unauthorized use of William Hart's likeness, also in violation of the Amended Permanent Injunction. *Id.* at 3. Plaintiff has not attempted to comply in good faith with the terms of the Amended Permanent Injunction and even admits to such in the Declaration of Wilbert Hart in Support of Motion to Dissolve or Modify Amended Permanent Injunction, noting that he "use[s] the website domain wilhartsdelfonics.com" and "refer[s] to [him]self as 'the only remaining original member of the Delfonics.'" Declaration of Wilbert Hart, ¶ 13. Both statements violate the express terms of the Amended Permanent Injunction.[5]

"The Supreme Court has set a more rigorous standard for [a party] seeking modification because [such parties] usually seek modification 'not to achieve the purposes of the provisions of the decree, but to escape their impact.'" *Democratic Nat'l. Comm.*, 671 F. Supp. 2d at 597 (quoting *Holland v. N.J. Dep't of Corr.*, 246 F.3d 267, 284 n.16). Here, the Plaintiff does not present an extraordinary circumstance that would justify relief under Rule 60(b)(6). *See Heriveaux v. Durkin & Durkin, LLC*, 841 F. App'x 501, 504 (3d Cir. 2021). Moreover, to the extent Plaintiff belatedly seeks equitable relief from the permanent injunction, his willful violation of that injunction also weighs against granting him relief under the doctrine of unclean hands. *See Karpenko v. Leendertz*, 619 F.3d 259, 265 (3d Cir. 2010) ("The doctrine of unclean hands, named for the equitable maxim that he who comes into equity must come with clean hands, is a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief . . . .") (interior quotation marks and citation omitted). Accordingly, Plaintiff's Motion to Dissolve or Modify the Permanent Injunction (ECF No. 153) is hereby **DENIED**.

    **IT IS SO ORDERED.**

                                                s/ Zahid N. Quraishi
                                                **ZAHID N. QURAISHI**
                                                **UNITED STATES DISTRICT JUDGE**

---

[4] The Court notes that Plaintiff's name on his Facebook profile appears to be "Wilbert Wil Delfonics Hart." *See* Opposition at 36.

[5] The Court emphasizes that, going forward, Plaintiff must comply with the terms of the Amended Permanent Injunction. Failure to do so could subject Plaintiff to adverse action by this Court, to include but not limited to, sanctions.